UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) – PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION (Dkt. 11, filed on November 20, 2025)

## I. INTRODUCTION

On November 10, 2025, Jarold Marevich Rueda Padilla ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief against Mark Bowen, Ernesto Santacruz Jr., Todd M. Lyons, Kristi Noem, and Pamela Jo Bondi (collectively, "Respondents")[1]. Dkt. 1 ("Pet"). Petitioner requests that the Court declare that Petitioner's continued detention in Respondents' custody violates the Due Process Clause of the Fifth Amendment, and is not required by section 235(b)(2)(A) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1225(b)(2)(A); that the Court issue a preliminary injunction directing Petitioner's immediate release from Respondents' custody; and that the Court enjoin Respondents from imposing additional conditions on his release from detention, such as a bond or electronic monitoring, unless a neutral decisionmaker determines that such conditions of release are necessary at a pre-deprivation hearing. Pet. at 65.

---

[1] Mark Bowen is the Acting Warden of the Adelanto ICE Processing Center; Ernesto Santacruz Jr. is the acting Director of the ICE Field Office in Los Angeles, California; Todd Lyons is the Acting Director of ICE; and Kristi Noem is the Secretary of the DHS; Pamela Jo Bondi is the Attorney General of the United States. See Pet. ¶¶ 26-30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

On November 10, 2025, Petitioner filed an Application for Issuance of Order to Show Cause, pursuant to 28 U.S.C. § 2243. Dkt. 4 ("Application").

On November 13, 2025, the Court enjoined Respondents from relocating Petitioner outside the Central District of California until further order of the Court permitting Petitioner to be relocated. Dkt. 5.

On November 14, 2025, the Court granted Petitioner's Application, ordering Respondents to show cause as to why the Petition should not be granted. Dkt. 6. On November 18, 2025, Respondents filed an opposition to Petitioner's complaint for declaratory and injunctive relief. Dkt. 8 ("Opp."). Respondents filed a Declaration of Jose A. Casillas, Supervisory Detention and Deportation Officer for Immigration and Customs Enforcement (ICE) with the opposition. Dkt. 8-1 ("Casillas Decl."). On November 19, 2025, Respondent filed a reply. Dkt. 10 ("Reply"). On November 20, 2025, Petitioner filed an *ex parte* application for temporary restraining order and order to show cause regarding a preliminary injunction. Dkt. 11.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.   BACKGROUND**

Petitioner is a national and citizen of Nicaragua. Pet. ¶ 25, 50; Casillas Decl. ¶ 3. Petitioner entered the United States near Hidalgo, Texas on October 8, 2022. Pet. ¶ 25. 51; Casillas Decl. ¶ 4. Petitioner entered the United States without being inspected by an immigration officer at the port of entry. Id. Petitioner was apprehended by Customs and Border Patrol (CBP) officers shortly after his arrival. Pet. ¶ 51. On October 9, 2022, Petitioner was paroled into the United States. Casillas Decl. ¶ 5, Ex. A. Petitioner was provided a Form I-385, Alien Booking Record, which stated "as a condition of [Petitioner's] parole", that Petitioner was required to report to an ICE office near his" final destination within 60 days or face removal from the United States." See Dkt. 1-1 at 3 ("Pet. Ex.").

As another condition of his parole, Petitioner was required to enroll and participate an Alternatives to Detention (ATD) program, which would include electronic monitoring and a possible curfew. Pet. Ex. at 6; Casillas Decl. ¶ 7. Petitioner was issued a Call-In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

Letter for an appointment to enroll in the ATD program at the ICE Los Angeles Field Office on November 21, 2022.  Pet. Ex. at 7; Casillas Decl. ¶ 7.

Petitioner relocated to the Los Angeles, California metropolitan area, where his grandfather, father, brother, and sister reside.  Pet. ¶ 56.

On November 21, 2022, Petitioner reported to the ICE Los Angeles Field Office as instructed.  Casillas Decl. ¶ 8.  On November 21, 2022, Petitioner was terminated from ATD electronic monitoring and was notified to report in person again on January 17, 2023.  Id. ¶ 9.  The January 17, 2023 appointment was later rescheduled to June 26, 2025.  Id. ¶ 10.

On December 8, 2022, Petitioner's parole expired.  Pet. ¶ 55; Casillas Decl. ¶ 11.  On October 19, 2023, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal.  Pet. ¶ 57; Pet. Ex. at 8, 15.  Petitioner acquired an Employment Authorization Document through his asylum application, obtained a Social Security Number, and worked as a painter, handyman, and construction worker in Los Angeles, California.  Pet. ¶ 57.

On June 26, 2025, Petitioner reported, as previously instructed, to his appointment at the ICE Los Angeles Field Office.  Pet. ¶ 58; Casillas Decl. ¶ 12.  At that appointment, Petitioner was served with a Form I-862, Notice to Appear, placing him in removal proceedings.  Pet. ¶ 58; Casillas Decl. ¶ 12.  Petitioner was also served with a Form I-200, Warrant for Arrest of Alien.  Casillas Decl. ¶ 12.  On the same day, Petitioner was taken into custody at the ICE Los Angeles Field Office and transported to the Adelanto ICE Processing Center in Adelanto, California.  Pet. ¶ 59; Casillas Decl. ¶¶ 13-14.  Petitioner has since been held in custody at the Adelanto ICE Processing Center.  Casillas Decl. ¶ 14.

On July 28, 2025, through former counsel, Petitioner filed a motion for bond determination with a federal immigration judge pursuant to section 236 of the INA, 8 U.S.C. § 1226.  Pet. ¶ 61.

On July 31, 2025, Petitioner, through former counsel admitted the factual allegations listed in his Notice to Appear and conceded the charges of removability against him under 8 U.S.C. § 1182(a)(6)(A)(i), for being a noncitizen who was present in the United States without admission or parole or for arriving in the United States at any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

time or place other than as designated by the Attorney General, and under 8 U.S.C. § 1182(a)(7)(A)(i)(I), for being an immigrant who lacked a valid unexpired immigrant visa, reentry permit, border crossing card, or another valid entry document required by the INA at the time of his application for admission. Id. at 62. The immigration judge sustained the charges of removability against Petitioner under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). Id. Petitioner, through former counsel, renewed his Application for Asylum and Withholding of Removal before the immigration judge. Id.

On August 4, 2025, Petitioner, through former counsel, withdrew his motion for bond determination with the immigration judge after government counsel argued, under Matter of Q. Li, 29 I. & N. Dec. 66, 69 (2025), that 8 U.S.C. § 1225(b)(2)(A) mandated his detention in federal immigration custody without bond for the duration of his removal proceedings. Id. ¶ 63.

On October 7, 2025, the USCIS Asylum Vetting Center in Atlanta, Georgia forwarded Petitioner's Form I-589, Application for Asylum and Withholding of Removal to the Executive Office for Immigration Review for further consideration as a "defensive" asylum application. Id. ¶ 64; Pet. Ex. at 15.

On October 23, 2025, government counsel moved to summarily dismiss Petitioner's applications for asylum, withholding of removal, and protection under Article III of the United Nations Convention Against Torture before the immigration judge. Pet. ¶ 65. According to Petitioner, the government argued that Petitioner was "barred from applying for such forms of protection under INA § 208(a)(2)(A) and 8 C.F.R. § 1240.11(h)(2), because he is subject to the Asylum Cooperative Agreement (ACA) with Guatemala." Id.

On October 24, 2025, the immigration judge adjourned Petitioner's case until December 3, 2025, for a decision on the government's motion. Id. ¶ 66; Pet. Ex. at 26.

Petitioner has remained in custody at the Adelanto ICE Processing Center since his arrest on June 26, 2025. Pet. ¶ 67; Casillas Decl. ¶ 14. Petitioner alleges that on June 26, 2025, after officers detained him, "he developed a painful and worsening hemorrhage in his eyes, with dark pools of blood spreading across the white of each eye, giving the appearance that his eyes are filled or stained with blood." Pet. ¶ 68. Petitioner reports "a burning sensation, throbbing pain, and pressure behind the eyes, blurred vision, and an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

unusual sensitivity to light, due to his condition." Id. Petitioner alleges that ICE officers have not provided a medical assessment or diagnostic imaging to him and have not administered any medication to him for his condition besides generic lubricating eye drops. Id. Petitioner further alleges that he has lost significant amounts of weight in detention, due to malnutrition. Id. Petitioner alleges that he fears a permanent loss of his vision, without medical intervention. Id.

Petitioner asserts four claims for relief. First, Petitioner alleges that his immigration detention is punitive in violation of his right to substantive due process under the Fifth Amendment to the United States Constitution. Pet. ¶¶ 69-79. Second, Petitioner alleges that his procedural due process rights under the Fifth Amendment have been violated by his detention without notice and an opportunity to be heard prior to his arrest. Id. ¶¶ 80-97. Third, Petitioner alleges that his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is without lawful authority because he should be subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). Id. 98-117. Fourth, Petitioner alleges that the revocation of his continued supervised release and placement in removal proceedings two and a half years after expiration of his parole status and without a "reasoned explanation" was an arbitrary and capricious agency action in violation of the Administrative Procedure Act (APA). Id. ¶¶ 118-128.

Petitioner's application for a temporary restraining order requests that the Court: (1) direct Petitioner's immediate release from custody; (2) preclude Respondents from imposing any additional restrictions on Petitioner's release from custody unless a neutral decisionmaker determines that such conditions of release are necessary at a pre-deprivation hearing; and (3) enjoin Respondents from rearresting or re-detaining Petitioner without constitutional safeguards, including pre-deprivation notice and a timely hearing, at which Respondents will bear the burden of establishing by clear and convincing evidence that he poses a danger to the community or a risk of flight. Dkt. 11 at 2-3.

### III.   LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed

Case 2:25-cv-10780-CAS-SK   Document 13   Filed 11/21/25   Page 6 of 17   Page ID #:245

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV.   DISCUSSION

Petitioner served Respondents with notice of Petitioner's Application and the Court's order to show cause. Dkt. 7. And Respondents filed an opposition. Dkt. 8. The Court finds that Petitioner's *ex parte* request for relief is appropriate because Petitioner's allegation of unlawful detention constitutes irreparable injury. See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

### A. Jurisdiction

As a threshold matter, the Court must consider whether it has jurisdiction to review Petitioner's claims. Petitioner's first three claims for relief challenge his detention, but his fourth claim for relief challenges his placement in removal proceedings. 28 U.S.C. § 2241 grants the Court jurisdiction over petitions for writs of habeas corpus by individuals in federal custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

Respondents argue that 8 U.S.C. § 1252(g) deprives the Court of jurisdiction over Petitioner's challenge to his being arrested and placed into removal proceedings. Opp. at 4-5. Section 1252(g) provides:

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g) (emphasis added). Respondents argue that Petitioner's detention arose from the decision to commence removal proceedings against him, and therefore, review of claims arising from such detention is barred under section 1252(g). Opp. at 5.

The Court finds that Respondents' argument contradicts the Supreme Court's narrow interpretation of section 1252(g). See Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) ("We did not interpret [section 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.") (citing Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). The Ninth Circuit has also rejected the proposition that section 1252(g) bars habeas challenges to immigration detention. See Ibarra-Perez v. United States, 154 F.4th 989, 997 (9th Cir. 2025) ("§ 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders."). The Court concludes that section 1252(g) does not present a jurisdictional bar to review of Petitioner's first three claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

because the claims do not challenge any decision to commence proceedings, adjudicate cases, or execute removal orders. Instead, Petitioner's first three claims challenge the lawfulness of his detention. Nevertheless, even under the narrow interpretation of section 1252(g), the Court lacks jurisdiction over Petitioner's fourth claim for relief, which plainly contests the government's decision to revoke Petitioner's "conditional release" and initiate removal proceedings against him as "arbitrary and capricious agency conduct under the [APA]." Reply at 3.

    **B.**    **Merits of Injunctive Relief**

        1.    Petitioner is Likely to Succeed on the Merits

            a.  Procedural Due Process

Respondents argue that Petitioner inaccurately complains that his parole was revoked. Opp. at 2. Respondents argue that Petitioner cannot complain that his detention was unlawful because his parole had elapsed and that service of the Notice to Appear would automatically terminate parole anyway. Id. at 8. Respondents contend that without valid parole status, Petitioner was subject to mandatory detention pending removal proceedings. Id. at 6 ("At that point, Petitioner returned to his pre-parole status which was that of a person seeking admission under 8 U.S.C. § 1225(b)(2)(a), thus mandating his detention until his removal proceedings have concluded."). In other words, Respondents argue that Petitioner's arrest and detention was not punitive or arbitrary but statutorily required as a result of his placement into removal proceedings pursuant to a Notice to Appear.

In reply, Petitioner argues that Respondents misconstrue Petitioner's claim. Reply at 5. Petitioner argues that Respondent's rescission of Petitioner's supervised "release" which had continued after the expiration of Petitioner's parole and Respondents' decision to detain Petitioner violate due process. Id. at 6. Petitioner argues that a noncitizen who is released from federal immigration custody maintains a protected liberty interest in remaining free from confinement. Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

The Court finds that Petitioner is likely to succeed on the merits of his procedural due process claim.[2] "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The right to due process extends to noncitizens in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even aliens shall not ... be deprived of life, liberty, or property without due process of law."); Trump v. J. G. G., 604 U.S. 670 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

It is also well-established that freedom from government detention is a protected liberty interest. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). While the government may have "the

---

[2] The Court joins numerous other district courts reaching the conclusion that petitioners facing similar facts to the present case are likely to succeed on the merits or at least raise serious questions going to the merits of their procedural due process claims. See e.g. Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021 (N.D. Cal. 2025); Doe v. Becerra, 787 F. Supp. 3d 1083 (E.D. Cal. 2025); Garcia v. Santacruz, No. 2:25-cv-10581-MWC-PD, 2025 LX 535592 (C.D. Cal. Nov. 10, 2025); Tut v. Noem, No. 5:25-cv-02701-DOC-AGR, 2025 LX 415266 (C.D. Cal. Oct. 16, 2025); Pop v. Noem, No. 5:25-cv-02589-SSS-SSC, 2025 LX 425456 (C.D. Cal. Oct. 3, 2025); Valencia Zapata v. Kaiser, No. 25-CV-07492-RFL, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); Pablo Sequen v. Albarran, No. 25-CV-06487-PCP, 2025 WL 2935630 (N.D. Cal. Oct. 15, 2025); Singh v. Andrews, No. 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679 (E.D. Cal. July 11, 2025); Espinoza v. Kaiser, No. 1:25-CV-01101 JLT SKO, 2025 WL 2675785 (E.D. Cal. Sept. 18, 2025); Polo v. Chestnut, No. 1:25-CV-01342 JLT HBK, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody, she has a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does Petitioner have a liberty interest in remaining out of custody on bond."). Here, Petitioner was not on bond, but the government does not contend the fact that Petitioner was initially detained on October 8, 2022, and conditionally released on October 9, 2022. Casillas Decl. ¶ 5. Petitioner thereby gained a protected liberty interest in remaining out of custody. In the more than two years since Petitioner was conditionally released from federal custody, he joined his family in Los Angeles acquired lawful employment authorization. Pet. ¶¶ 56-57. That Petitioner is deprived of his right to live with his family and to work underscores Petitioner's "weighty" liberty interest in remaining out of custody. See Landon v. Plasencia, 459 U.S. 21, 34 (1982) (finding that noncitizens present in the United States have a "weighty" liberty interest in remaining in the United States, as they stand to lose rights to "stay and live and work" in the country and "to rejoin [their] immediate family).

Having determined that Petitioner has a protected liberty interest remaining out of custody, the Court applies the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine if the government's procedures were constitutionally sufficient. The Mathews test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. The Court finds that each of the three Mathews factors supports Petitioner's right to a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial private interest in remaining out of custody after having initially been conditionally released by immigration enforcement officials. The Court also notes that Petitioner's due process

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

claim does not challenge his removability under the immigration statutes, and, in fact, Petitioner has conceded the charges of removability against him. Pet. ¶ 62. Petitioner's only defense to removal is his renewed Application for Asylum and Withholding of Removal before the immigration judge. Id. Rather, Petitioner is challenging his detention while awaiting a removal decision.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a hearing before a neutral decisionmaker to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the community. Zadvydas, 533 U.S. at 693-94. Respondents do not argue that Petitioner is or has been previously determined to be a flight risk or a danger to the community. Furthermore, the Court finds that ICE's initial decision to release Petitioner on October 9, 2022, reflects a determination that Petitioner was neither a flight risk nor a danger to the community at that time. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither."). Respondents acknowledge that Petitioner abided by the conditions of his release and reported to his appointments at the ICE Los Angeles Field Office. Casillas Decl. ¶¶ 7-12. The Court finds no reason to determine that Petitioner, if not in custody, would fail to appear at future immigration proceedings.

Third, the Court finds that the government's interest in keeping Petitioner detained is low. As explained, the government has not shown that Petitioner's detention serves either to prevent flight or a danger to the community. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). "In immigration court, custody hearings are routine and impose a 'minimal' cost." Singh v. Andrews, No. 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025). "The government's interest is further diminished where a person 'has consistently appeared for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

[his] immigration hearings ... and [ ] does not have a criminal record." Id. (citation omitted).

Accordingly, the Court concludes that Petitioner has shown a likelihood of success on the merits that his right to due process was violated by his detention without a hearing and that procedural due process affords Petitioner the right to a hearing before a neutral decisionmaker prior to any re-arrest or re-detention to determine if the government has demonstrated by clear and convincing evidence that his detention is necessary to prevent danger to the community or flight. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1199 (9th Cir. 2022) ("clear and convincing evidence standard of proof" is based on "general principles of procedural due process, reasoning that a detained person's liberty interest is substantial")[3].

### b. Substantive Due Process

The Court finds that Petitioner's complaint also raises serious questions going to the merits of his substantive due process claim. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). As described above, Petitioner's freedom from custody after his initial detention is a protected and weighty liberty interest. Due process requires that "the nature and duration" of detention "bear some reasonable relation to the purpose for which the individual is" detained. Jackson v. Indiana, 406 U.S. 715, 738 (1972). Once again, the Court emphasizes that Petitioner's due process claim does not challenge the government's decision to place him in removal proceedings but rather challenges the government's decision to detain him. Given that civil immigration detention is justified only when an individual poses a flight risk or a danger to the community, and the government had previously released Petitioner on parole upon a finding that he was neither, the Court finds that Petitioner has demonstrated at least a

---

[3] In Rodriguez Diaz, the Ninth Circuit concluded that a clear and convincing standard was not constitutionally required in 8 U.S.C. § 1226(a) bond hearings because the procedure provided by statute was constitutionally adequate, the Court finds that neither the statute nor the holding of Rodriguez Diaz directly address the standard of proof for a pre-detention hearing after an initial release from custody. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

serious question as to whether his detention violates his substantive due process rights by failing to serve any valid purpose.

    c. <u>Statutory Detention Authority</u>

Respondents argue that Petitioner's claims for relief fail because 8 U.S.C. § 1225(b)(2) governs Petitioner's detention, and, therefore, Petitioner is subject to mandatory detention because "[i]mmigration [j]udges lack authority to hear bond requests or to grant bond to such aliens who are present in the United States without admission." Opp. at 1, 3 (citing <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025); <u>Matter of Q. Li</u>, 29 I&N Dec. 66 (BIA 2025)).

This Court and the overwhelming majority of others[4] have rejected the government's interpretation of the statutory framework governing bond redetermination. <u>See e.g.</u>, <u>Rodriguez v. Bostock</u>, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."). For the reasons this Court articulated in <u>Mosqueda v. Noem</u>, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025), here, the Court similarly finds that Petitioner is not an "alien seeking admission" under § 1225(b)(2) subject to mandatory discretion because he was already residing in the United States at the time of his arrest. As such, Respondents' detention of Petitioner was discretionary under § 1226(a), and an immigration judge may hear Petitioner's bond redetermination request. <u>See</u> <u>Jennings</u>, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. § 1236.1(d)(1)); <u>see also</u> <u>Rodriguez Diaz v. Garland</u>, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including . . . an initial bond hearing before a neutral decisionmaker."). Accordingly, the Court concludes that Petitioner is likely to succeed

---

[4] <u>See</u> <u>Estrada Elias v. Knight</u>, No. 1:25-CV-00594-BLW, 2025 WL 3228262, at *1 (D. Idaho Nov. 19, 2025) ("Dozens of district courts across the nation—with more each day—have rejected DHS's expansion of § 1225(b)(2)(A)'s mandatory detention to noncitizens already residing here.") (collecting cases across the country); <u>see also</u> <u>Tut v. Noem</u>, No. 5:25-cv-02701-DOC-AGR, 2025 LX 415266, at *9 n.1 (C.D. Cal. Oct. 16, 2025) (collecting cases in this district).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

on the merits of his claim that § 1225(b)(2) does not authorize his mandatory detention and that he is entitled to a bond redetermination hearing. Because the Court finds that Petitioner's initial custody determination is likely to violate due process, the Court orders Petitioner's immediate release rather than a bond redetermination hearing.

    2.    Petitioner is Likely to Suffer Irreparable Harm

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023). The Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without due process. See Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); see also Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

Furthermore, the Court finds that Petitioner is likely to suffer irreparable harm if re-detained without due process. The Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention," including "subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained." Hernandez, 872 F.3d at 995. Petitioner has alleged serious medical conditions that have developed and exacerbated during his current detention. Pet. ¶ 67. Continued detention or re-detention would likely prevent Petitioner from accessing the medical care that he seeks.

    3.    Balance of the Equities and Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). Respondents argue that the government has a compelling interest in the enforcement of its immigration laws. Opp. at 8 (citing cases). The Court agrees. Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges a policy that is likely in violation of federal law and the Constitution. See Valle del Sol Inc. v. Whiting,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice"). Furthermore, if Respondents later prove that Petitioner's detention is necessary to prevent flight or danger to the community, then re-detention may be permitted by an immigration judge.

Considering the TROs and preliminary injunctions granted in similar cases challenging the denial of bond redetermination hearings[5] or the denial of due process[6] to immigrants in detention, the Court is not persuaded that judicial intervention here would disrupt the status quo or inject uncertainty into the immigration enforcement process.

### C. Exhaustion of Remedies

Respondents also argue that Petitioner's request for relief should be denied because Petitioner has not exhausted administrative remedies. Opp. at 6-8. Respondents argue that Petitioner admits that he withdrew his motion for bond determination before an immigration judge, Pet. ¶ 6, and Petitioner has not asserted that he has filed a new motion before an immigration judge. Opp. at 6. Respondents argue that if Petitioner had done so and been denied, he could appeal to the Board of Immigration Appeals (BIA). Id. at 6-7. Respondents argue that even if a futility argument is persuasive for Petitioner's statutory argument for a bond hearing in light of the BIA's decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA Sept. 5, 2025), prudential exhaustion should be required for Petitioner's due process claims, which have never been presented to the BIA. Id. at 7. Respondents argue that requiring exhaustion is in the interest of judicial economy, and that detention alone is insufficient to excuse a lack of exhaustion. Id.

"Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). "[E]ven if the three Puga factors weigh in favor of

---

[5] See supra n.4.
[6] See supra n.2.

Case 2:25-cv-10780-CAS-SK   Document 13   Filed 11/21/25   Page 16 of 17   Page ID
#:255

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                               'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

prudential exhaustion," the Court may waive the prudential exhaustion requirement if an exception applies, such as where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

Here, the Court finds, and indeed Respondents recognize, that administrative exhaustion of Petitioner's claim that he is unlawfully subject to mandatory detention pursuant to § 1225(a) would be futile in light of the BIA's binding decision in Matter of Yajure Hurtado, which has adopted a legal interpretation that contradicts the statutory interpretation of this Court and many others.[7] The Court exercises its discretion to not require exhaustion of administrative remedies for Petitioner's due process claims because it finds that the irreparable injury exception from Laing applies. Any further detention of Petitioner that is in violation of Petitioner's right to due process under the Fifth Amendment of the U.S. Constitution would be an irreparable injury. Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm."); see also Cortez v. Sessions, 318 F. Supp. 3d 1134, 1139 (N.D. Cal. 2018) (finding that Petitioner "suffers potentially irreparable harm every day that he remains in custody without a hearing, which could ultimately result in his release from detention."). Accordingly, the Court exercises its discretion to not require exhaustion of administrative remedies.

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

1. Respondents shall effectuate Petitioner's immediate release from custody;

2. Respondents shall not re-arrest or re-detain Petitioner without a pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses

---

[7] See supra n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:25-cv-10780-CAS-SK | Date | November 21, 2025 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present;

3. Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case;

4. Petitioner shall not relocate outside of the Central District of California pending final resolution of this case; and

5. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than seven (7) days after respondents' filing. The Court sets a hearing on whether a preliminary injunction should issue on Monday, December 8, 2025, at 10:00 a.m., via Zoom. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures and Schedules.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |