UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-10780-CAS-SK | | Date | February 6, 2026 |
|---|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) – ORDER TO SHOW CAUSE WHY PETITION
SHOULD NOT BE DISMISSED AS MOOT

## I.   INTRODUCTION

On November 10, 2025, Jarold Marevich Rueda Padilla ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief against Mark Bowen, Ernesto Santacruz Jr., Todd M. Lyons, Kristi Noem, and Pamela Jo Bondi (collectively, "Respondents")[1]. Dkt. 1 ("Pet"). Petitioner requests that the Court declare that Petitioner's continued detention in Respondents' custody violates the Due Process Clause of the Fifth Amendment, and is not required by section 235(b)(2)(A) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1225(b)(2)(A); that the Court issue a preliminary injunction directing Petitioner's immediate release from Respondents' custody; and that the Court enjoin Respondents from imposing additional conditions on his release from detention, such as a bond or electronic monitoring, unless a neutral decisionmaker determines that such conditions of release are necessary at a pre-deprivation hearing. Pet. at 65.

On November 20, 2025, Petitioner filed an *ex parte* application for temporary restraining order (TRO) and order to show cause regarding a preliminary injunction. Dkt. 11. On November 21, 2025, the Court granted Petitioner's application for a TRO requiring, among other things, Respondents to release Petitioner and enjoining

---

[1] Mark Bowen is the Acting Warden of the Adelanto ICE Processing Center; Ernesto Santacruz Jr. is the acting Director of the ICE Field Office in Los Angeles, California; Todd Lyons is the Acting Director of ICE; and Kristi Noem is the Secretary of the DHS; Pamela Jo Bondi is the Attorney General of the United States. See Pet. ¶¶ 26-30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-10780-CAS-SK | Date | February 6, 2026 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

Respondents from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker.  Dkt. 13 at 16-17.

On December 8, 2025, the Court held a hearing on whether a preliminary injunction should issue.  Dkt. 17.  The Court granted a preliminary injunction, further ordering Respondents to immediately terminate electronic monitoring of Petitioner and to not re-detain him or impose any additional conditions on Petitioner's release absent due process.  Id.  The parties agreed to file cross motions for summary judgment.  Id.

On January 26, 2026, Respondents filed a motion for summary judgment in which they argued that the petition should be dismissed as moot.  Dkt. 18.  On January 26, 2026, Petitioner filed a motion for summary judgment.  Dkt. 20.  Petitioner's motion does not address whether the habeas petition is mooted by the relief granted by Petitioner's release from detention.  Id.  Instead, Petitioner asks the Court to declare as a matter of law that Petitioner's detention was unlawful.  Id. at 21.

## II.   BACKGROUND

The facts of this case are well-known to the parties and set forth in the Court's November 21, 2025 order.  Dkt. 13 at 2-5.  According to Respondents, following the Court's order, Petitioner was released from custody, placed on electronic monitoring, and "given a report date of November 28, 2025."  Dkt. 14 at 1.  According to Petitioner, Petitioner remains in removal proceedings in the United States Immigration Court, Wes Los Angeles Immigration Court in Los Angeles, California.  Dkt. 20-2 ¶ 25.  A federal Immigration Judge has scheduled an individual hearing in Petitioner's case on February 26, 2026.  Id.

## III.   DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.), cert. denied, 145 S. Ct. 459 (2024) (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).  The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).

The Court finds that Petitioner's release from detention moots each of the claims in his petition for a writ of habeas corpus.  See United States v. Alder Creek Water Co., 823

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-10780-CAS-SK | Date | February 6, 2026 |
|---|---|---|---|
| Title | Jarold Marevich Rueda Padilla v. Mark Bowen et al | | |

F.2d 343, 345 (9th Cir. 1987) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries.").

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Id. "Collateral consequences 'create concrete legal disadvantages.'" Alam v. Carter, 843 F. App'x 953, 954 (9th Cir. 2021) (quoting Zegarra-Gomez v. INS, 314 F.3d 1124, 1125 (9th Cir. 2003)).

Here, Petitioner has not alleged any collateral consequences that would be redressed by declaring his detention unlawful. See Hernandez Trujillo v. Janecka, No. ED CV 25-3002 FMO (SSC), 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026) (concluding on similar facts that there were no collateral consequences that were redressable by success on the original petition).

Furthermore, the fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. See Hernandez Trujillo v. Janecka, 2026 WL 84314, at *1 (reaching the same conclusion); Ghebreslassie v. Janecka, No. 5:25-CV-03447-JWH-DTB, 2026 WL 220898, at *2 (C.D. Cal. Jan. 22, 2026) (same).

Accordingly, the Court **ORDERS** Petitioner to show cause in writing no later than February 10, 2026, as to why the habeas petition should not be dismissed as moot. Petitioner's written response shall be no more than five pages. Petitioner is advised that the Court will consider a notice of voluntary dismissal as a satisfactory response to the Order to Show Cause.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |